UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERIC DRAKE,

                    Plaintiff,

              -against-

DONALD J. TRUMP; MICHAEL PENCE;
MELANIA TRUMP; KAREN PENCE,

                    Defendants.

19-CV-9335 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated October 17, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

      The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff filed this complaint asserting claims against President Trump, Vice-President Pence, and their wives. Plaintiff alleges that he "possesses genuine spiritual gifts of foresight by the Almighty. The Plaintiff[']s gifts are accurate and he has predicted many future events that

could not be considered as guesses or just being lucky." Plaintiff has written letters to the president and the vice-president "to assist in protecting citizens of this nation from disasters that the Plaintiff has foreseen." In those letters, Plaintiff requested that Defendants "survey the entire coastal area of California," but they never responded to the letters, "possibly because of Plaintiff's race." (ECF 2 ¶¶9-12, 18-19) Plaintiff alleges that many thousands of people will die in these upcoming disasters.

Among other assertions, Plaintiff states: that President Trump's meeting with Kanye West "showed how wild and unintelligent Mr. West is and it was a mischaracterization of black people in general"; that instead of asking millionaire Steve Harvey, "what do you want?" the president should have "asked that question of the people that resides [sic] in the projects and slums just a few blocks from the White House"; and that the president granted a posthumous pardon to Jack Johnson, the "well-known black boxer," in an attempt to "appear more liberal and sensitive to race relations." (*Id.* ¶¶ 13-16.)

Plaintiff invokes the Court's federal question jurisdiction, asserting that Defendants have violated federal constitutional and statutory law, and he also asserts claims of negligence, gross negligence, breach of duty, and intentional infliction of emotional distress. Plaintiff seeks an order from the Court directing the president and vice-president to "conference" with Plaintiff "to save American lives and for national security." (*Id.* ¶ 15.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

3

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: October 28, 2019
       New York, New York

COLLEEN McMAHON
Chief United States District Judge